**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Rizzo,<br><br>Plaintiff,<br><br>vs.<br><br>Midwest Family Mutual Insurance Company,<br><br>Defendant. | No. CV-26-05555-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff David Rizzo's timely filed Motion to Remand (Doc. 11), Defendant Midwest Family Mutual Insurance Company's Response (Doc. 14), and Plaintiff's Reply (Doc. 15). For the reasons that follow, the Court will grant Plaintiff's Motion to Remand.[1]

## I. BACKGROUND

Plaintiff initiated this action on July 1, 2026, in Maricopa County Superior Court seeking damages for insurance bad faith and breach of contract against Defendant. (Doc. 1-1). Plaintiff alleges that Defendant intentionally and unreasonably delayed paying disability benefits to Plaintiff, and that Plaintiff suffered monetary losses as a result. (*Id.* at 5–6). Plaintiff requests compensatory damages, punitive damages, attorneys' fees, taxable costs, and all other relief the court deems just. (*Id.* at 7).

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Defendant removed this case to federal court on August 7, 2026, based on diversity jurisdiction. (Doc. 1). Plaintiff now moves for remand to Maricopa County Superior Court claiming this Court lacks subject matter jurisdiction. (Doc. 11). Plaintiff argues that Defendant has not provided sufficient evidence to establish that the amount in controversy exceeds $75,000. (*Id.*). Defendant argues that the amount in controversy requirement has been met and asks the Court to deny Plaintiff's Motion. (Doc. 14).

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a "strong presumption against removal jurisdiction," which "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

For diversity cases such as this one, the amount in controversy must exceed $75,000 and the case must be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). In a situation where it is unclear whether the state-court complaint meets the requisite amount in controversy, the removing defendant bears the burden of establishing it exceeds the jurisdictional amount by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."). The amount in controversy is the "amount at stake in the underlying litigation," including compensatory damages, punitive damages, and attorneys' fees awards under fee-shifting statutes, but excluding interest and costs. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citation omitted). A court may look outside the face of the complaint to determine the amount in controversy

when it is not stated with specificity in the complaint. *Valdez*, 372 F.3d at 1117. This means that courts may consider allegations made in the notice of removal as well as "summary-judgment-type evidence." *Id.* (citation omitted).

## III. DISCUSSION

The parties do not dispute that complete diversity exists, so the only issue is whether the amount-in-controversy requirement under 28 U.S.C. § 1332(a) is met. Plaintiff's Complaint does not specifically state an amount in controversy (Doc. 1-1), so the operative question is whether Defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000. Defendant offers Plaintiff's refusal to stipulate to the amount in controversy, Plaintiff's offer of judgment, his claims for punitive damages and attorneys' fees, and his state-court tier designation to demonstrate that Plaintiff's claims "more likely than not . . . will exceed $75,000." (Doc. 14 at 3).

### a. Refusal to Stipulate

Defendant argues that Plaintiff's refusal to stipulate that the amount of controversy is less than $75,000 is, in itself, sufficient evidence that remand is improper. (Doc. 14 at 2–3). However, courts in this District have repeatedly held that a plaintiff's refusal to stipulate provides little, if any, evidence towards the amount in controversy. *See, e.g., Dela Fuente v. Humana Ins. Co.*, No. 10-cv-2210-PHX-JAT, 2011 WL 671762, at *5 (D. Ariz. Feb. 17, 2011) ("Plaintiffs are not required to stipulate to a specific amount of remedies 'to prevent [d]efendant's removal to federal court.'" (citation omitted)); *Leonard v. Safeco Ins. Co. of Am.*, No. CV-23-08626-PCT-DWL, 2024 WL 657055, at *4 (D. Ariz. Feb. 16, 2024) ("Courts have repeatedly concluded that a 'plaintiff's refusal to stipulate that her damages are below the jurisdictional amount is not dispositive.'" (citation omitted)); *Paliwoda v. Metro. Life Ins. Co.*, No. CV-05-0233 PHXJAT, 2005 WL 5672339, at *3 (D. Ariz. June 5, 2005) (finding that a plaintiff's refusal to stipulate that he seeks less than $75,000 "would improperly shift the burden to [p]laintiff to prove amount in controversy when it is well settled that the burden lies squarely with [d]efendant."). Defendant's argument here regarding Plaintiff's refusal to stipulate carries little weight.

**b. Bad-Faith and Jury Award Damages**

Defendant argues that Arizona juries have awarded plaintiffs in similar worker's compensation bad-faith cases more than $75,000 in damages. (Doc. 14 at 5–6). Plaintiff argues in Reply that Defendant "makes no effort to show that the facts here are at all like those cases." (Doc. 15 at 3).

Removing defendants can establish probable punitive damages "by introducing evidence of jury verdicts in analogous cases." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Here, Defendant relies on *Secara v. Fairmont Ins. Co.*, 2006 WL 2577843 (Ariz. Super. Ct. May 17, 2006) and *Houle v. Liberty Mut. Ins. Co.*, 2007 WL 4823603 (Unknown Ariz. St. Ct. Apr. 1, 2007) to argue that Arizona juries have awarded over $75,000 in insurance and workers compensation bad-faith cases. (Doc. 14 at 6). However, Defendant has failed to show how these verdicts are factually similar to this case. Although Defendant acknowledges that the Complaint includes limited factual allegations, and attempts to cite to cases that also claimed intentional, unreasonable, and in bad faith workers compensation claims, Defendant has not drawn any factual similarities to this case. (*See id.*). Thus, without more, the Court finds this argument unpersuasive. *See Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be inherently speculative for this [c]ourt to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud.").

**c. State-Court Tier Designation**

Arizona uses a tier system "for discovery purposes—'to make discovery occur in a manner that is proportional' to the complexity of the case." *Larson v. State Farm Fire & Cas. Co.*, No. CV-21-02221-PHX-JAT, 2022 WL 1101772, at *2 (D. Ariz. Apr. 13, 2022) (citation omitted). "Arizona Rule of Civil Procedure 26.2 provides that the 'Tier 2' designation applies to actions claiming more than $50,000 and less than $300,000 in damages." *Lee v. Safeco Ins. Co. of Am.*, CV-22-00527-PHX-SPL, 2022 WL 2383931, at *3 (D. Ariz. July 1, 2022). Defendant argues that Plaintiff's designation of this case as Tier

2 in state court indicates the damages are more likely than not to exceed $75,000. (Doc. 14 at 3–5).[2] Defendant argues that Plaintiff's claim for both punitive damages and attorney's fees in this case, plus the claimed damages of at least $50,000 (the minimum amount in a Tier-2 designation) "easily brings" the case within the Court's jurisdictional minimum. (*Id.* at 5). The Court disagrees. This designation simply precludes "Plaintiff[] from now arguing that the amount of compensatory damages in controversy is less than $50,000." *Anderson v. Liberty Mut. Ins. Co.*, No. CV-20-00612-PHX-JJT, 2020 WL 4814261, at *2 (D. Ariz. Aug. 18, 2020). The state-court Tier-2 designation does not support a finding that it is more likely than not that the amount in controversy exceeds $75,000. *See Lee*, 2022 WL 2383931, at *3.

**d. Offer of Judgment**

Defendant argues that Plaintiff's $70,000 Offer of Judgment considered with attorney's fees supports the conclusion that the ultimate amount in controversy will exceed $75,000. (Doc. 14 at 5). "An offer of judgment is not dispositive but may be 'relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Ogden v. Dearborn Life Ins. Co.*, No. CV-22-00713-PHX-DJH, 2022 WL 17484616, at *4 (D. Ariz. Dec. 7, 2022) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Plaintiff filed a $70,000 Offer of Judgment shortly after filing his Complaint, suggesting that Plaintiff believed the amount in controversy was less than $75,000. (Doc. 1-1 at 10); *see Brown v. Bankers Life & Cas. Co.*, No. CV-09-1459-PHX-GMS, 2009 WL 2914215, at *3 (D. Ariz. Sept. 8, 2009) (finding that the plaintiff filing, and defendant declining, a $70,000 offer of judgment suggested "the parties perceive a lower amount in controversy."). To the extent that Defendant claims attorney's fees would bring the amount in controversy over the $75,000 threshold, Defendant has failed to support such a conclusion. (*See* Doc. 14 at 5). Defendant asserts that the $70,000 Offer of

---

[2] Plaintiff's erroneous reference to a "Tier 3" classification in its Motion does not change the Court's determination. (*See* Doc. 11 at 1). The parties both seem to agree that the case is classified as a "Tier 2" case in Maricopa County Superior Court. (*See* Doc. 14 at 4–5; Doc. 15 at 2).

Judgment was served "prior to any meaningful fees being incurred" and concludes "it is indisputable that Plaintiff intends to assert an ultimate amount in controversy that will exceed $75,000." (*Id.*). Although attorney's fees may be included in the amount in controversy when a statute authorizes those fees, such fees must be supported with evidence. *See Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012) ("Defendants offer no other evidence to substantiate their statement and a statement of mere opinion is speculative."). The Court finds here that the evidence Plaintiff offered $70,000 and Defendant declined such an offer ultimately undermines Defendant's argument and is indicative that the amount in controversy does not meet the jurisdictional threshold. Additionally, Defendant has failed to provide adequate support, by a preponderance of the evidence, indicating that attorney's fees will bring Plaintiff's claims above the jurisdictional threshold.

**e. Attorney's Fees Under 28 U.S.C. § 1447**

Plaintiff requests attorney's fees for Defendant's removal. (Doc. 11 at 3). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant's failure to allege sufficient facts to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 does not mean Defendant's attempt to remove the case was objectively unreasonable. *See Ogden*, 2022 WL 17484616, at *4. Thus, Plaintiff's request for attorney's fees will be denied.

///

///

///

///

///

///

///

## IV. CONCLUSION

The Court finds Defendant failed to meet its burden to demonstrate that it is more likely than not that the amount in controversy is greater than $75,000.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees associated with removal is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **remand** this action to the Maricopa County Superior Court and **terminate** this case.

Dated this 20th day of October, 2026.

Honorable Steven P. Logan
United States District Judge